IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANTHONY T. JUSTICH,

    Plaintiff,

vs.

                      Case No. 21-cv-1043

DAVID J. SCHLENSKE,

    Defendant.

# COMPLAINT

## INTRODUCTION

1. Anthony T. Justich, a prisoner of the Wisconsin Department of Corrections, was assigned a new cellmate who said and did things that scared Justich. Justich went to David J. Schlenske, a correctional officer, and asked Schlenske to move him to a new cell right away, telling Schlenske that his cellmate was likely to attack him. Before Schlenske ended his shift the same day, Justich followed up with him at least two times but Schlenske did nothing. That night, Justich's cellmate raped him.

2. Justich now sues Schlenske because Schlenske was deliberately indifferent to the serious risk that Justich's cellmate would harm him.

## JURISDICTION & VENUE

3. This court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Justich's claims under 42 U.S.C. § 1983 arise under federal law.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## PARTIES

5. **Plaintiff Anthony T. Justich** was incarcerated at Oshkosh Correctional Institution in Winnebago County, Wisconsin when the events giving rise to this case occurred but has since been released. He files this case as a free man.[1]

6. **Defendant David J. Schlenske** is a man living in Wisconsin and was, at all relevant times, an employee of the Wisconsin Department of Corrections working as a correctional officer at the Oshkosh Correctional Institution. He is sued in his individual capacity only.

## ALLEGATIONS

7. In late April 2020, Anthony Justich was assigned a new cellmate.

8. Shortly after coming to Justich's cell, the new cellmate exposed himself to Justich and sexually propositioned Justich. Justich declined.

9. Later, the cellmate and Justich got into a verbal argument.

10. Justich feared that the new cellmate would attack him.

11. Justich left the cell and immediately sought help.

12. He found Schlenske.

13. Schlenske had the authority and the responsibility to move Justich to protect him from his cellmate.

14. Justich told Schlenske that he wanted to move because he believed that his cellmate would harm him.

15. Schlenske did not ask him any follow-up questions.

---

[1] The Prison Litigation Reform Act and 28 U.S.C. § 1915A's screening requirement only apply to "prisoners," meaning those who are incarcerated when they file suit. *E.g.*, *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Because Justich files suit after his release, he is not a prisoner under either statute and the statutes' requirements do not apply here.

16. Justich followed up with Schlenske at least twice later that day to make sure he would be moved.

17. But Schlenske left after his shift changed without moving Justich to a new cell and Justich ultimately went to sleep in his cell with his new cellmate.

18. The cellmate woke Justich up in the middle of the night, threatened him with a knife-like weapon, and forced Justich to perform oral sex on him. The cellmate then anally raped Justich.

19. In the morning, Justich waited until his cellmate left the cell, then barricaded himself in his cell, contemplating suicide.

20. Correctional officers found Justich barricaded in his cell and took him to the hospital.

21. Local police and prison officials investigated Justich's rape allegation, eventually finding it credible and substantiated.

22. Schlenske's failure to protect Justich from his cellmate caused Justich physical, mental, and emotional pain and suffering and related bodily injury that continues to this day and will continue into the foreseeable future, if not permanently.

### CLAIMS FOR RELIEF

First Claim
*Failure to Protect, 42 U.S.C. § 1983*
(Fed. Civ. Jury Inst. of the Seventh Circuit No. 7.16)
Justich v. Schlenske

23. The plaintiff realleges here all previous allegations.

24. There was a strong likelihood that Justich would be seriously harmed because of assault by his new cellmate.

25. Schlenske was aware of this strong likelihood or strongly suspected facts showing the strong likelihood but refused to confirm whether these facts were true.

26. Schlenske consciously failed to take reasonable measures to prevent the cellmate from assaulting Justich.

27. Justich would not have been harmed or would have been harmed less if Schlenske had taken reasonable measures.

28. Justich is therefore entitled to compensatory damages, punitive damages, attorneys' fees and costs.

//

//

## PRAYER FOR RELIEF

29. Justich prays for a judgment with the following relief:

    a. Compensatory damages in an amount determined by a jury

    b. Punitive damages in an amount determined by a jury

    c. All allowable pre- and post-judgment interest

    d. Reasonable attorneys' fees and costs

    e. A declaration that defendants' conduct was unlawful

    f. All other relief the Court finds just

Dated: September 8, 2021

Respectfully submitted,

/s/ Thomas R. Kayes
Thomas R. Kayes
  Ill. Bar No. 6315461
Alison R. Leff
  Ill. Bar No. 6296422
LAW OFFICE OF THOMAS R. KAYES, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@kayes.law
alison@kayes.law

Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Justich demands a trial by jury under Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 8, 2021

                Respectfully submitted,

                /s/ Thomas R. Kayes
                Thomas R. Kayes
                Ill. Bar No. 6315461
                LAW OFFICE OF THOMAS R. KAYES, LLC
                2045 W Grand Ave, Ste B, PMB 62448
                Chicago, IL 60612
                t. 708.722.2241
                tom@kayes.law

                Attorneys for Plaintiff